```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

THE PRESBYTERIAN CHURCH OF SUDAN, )
  et al.,                         )
                                  )
        Plaintiffs,               )
                                  )
        v.                        ) Misc. No. 05-00092 GK
                                  )
TALISMAN ENERGY, INC.,            )
                                  )
        and                       )
                                  )
REPUBLIC OF SUDAN,                )
                                  )
        Defendants.               )
_____)
```

NON-PARTY USAID'S MOTION TO QUASH SUBPOENAS
AND OPPOSITION TO MOTION TO COMPEL

PRELIMINARY STATEMENT

The United States Agency for International Development [USAID] opposes plaintiffs' motion to compel filed in the above captioned case and moves to quash the subpoenas issued to USAID upon which that motion is based. Plaintiffs' motion to compel should be denied because their motion is procedurally defective and because the federal government is not a "person" subject to subpoenas under Fed. R. Civ. P. 45.

FACTUAL AND PROCEDURAL BACKGROUND

The case underlying this subpoena matter consists of a class action lawsuit brought by certain groups and individuals in the country of Sudan who allege that defendant Talsiman Energy, Inc. collaborated with the government of Sudan "in a campaign of ethnic cleansing against non-Muslim, African residents of

southern Sudan in order to facilitate oil exploration and extraction activities." Memorandum of Law in Support of Plaintiffs' Motion to Compel [Plaintiffs' Mem.] at 1. The United States is not a party to this lawsuit.

On October 20, 2004, plaintiffs served USAID Administrator Andrew Natsiois with a subpoena for his deposition. That same day plaintiffs served a similar subpoena on Roger P. Winter, Assistant Administrator for Democracy, Conflict and Humanitarian Assistance for USAID. Exh. 1, attached; Plaintiffs' Mem., Exhs. B & C. By letter dated October 25, 2004, USAID returned the subpoenas to plaintiffs and informed their counsel that before USAID could consider the subpoenas, plaintiffs would have to comply with USAID's regulation found at 22 C.F.R. § 206. Exh. 2, attached; Plaintiffs' Mem., Exh. D. In particular, plaintiffs were informed that they "must provide the USAID General Counsel with 'a written summary of the information sought, its relevance to the proceeding, and why the information is unavailable by any other means or from any other sources.'" Id., quoting 22 C.F.R. § 206.3.

By letter dated November 5, 2004, plaintiffs informed USAID that Messrs Natsios and Winter have first-hand knowledge of events in Sudan due to travels they had taken to that country and statements they apparently had made concerning their observations from such trips. Exh. 3, attached; Plaintiffs' Mem., Exh. E.

Plaintiffs stated in their letter that "Mr. Natsios' personal experience and first-hand knowledge, not only as an administrator but as an eye witness is not available by any other means or sources." Id. at p. 3.  No similar statement was offered with respect to Mr. Winter.  Id. at p. 4.

By letter dated December 21, 2004, USAID General Counsel John S. Gardner denied plaintiffs' request for the deposition testimony of Messrs Natsios and Winter.  In particular, Mr. Gardner stated: "Based on the factors outlined in 22 C.F.R. § 206.6 and my own assessment of the situation, I have determined that disclosure would 'adversely affect the foreign policy interests of the United States or impair the foreign assistance program of the United States.'"[1] Exh. 4, attached; Plaintiffs' Mem., Exh. F.

Plaintiffs subsequently moved to compel compliance with their subpoenas.  For the reasons set forth below, their motion should be denied and USAID's motion to quash should be granted.

ARGUMENT

I.   The Subpoenas Should Be Quashed Because
     Fed. R. Civ. P. 45 Does Not Apply To The
     United States.

The application of Rule 45 to the federal government is governed by two questions –- textual interpretation and sovereign

---

[1] As plaintiffs indicate, plaintiffs did obtain documents from USAID under the Freedom of Information Act.  Plaintiffs' Mem. at 3 n.3.

immunity -- that are distinct, though interrelated.  The interpretive inquiry, as informed by the doctrine of sovereign immunity, begins with the "longstanding interpretive presumption that 'person' does not include the sovereign."  <u>Vermont Agency of Natural Resources</u> v. <u>United States ex rel. Stevens</u>, 529 U.S. 765, 780 (2000) (State is not a "person" under the False Claims Act in suit brought by qui tam relator) [<u>Stevens</u>]; <u>see also</u> <u>Galvan</u> v. <u>Federal Prison Industries, Inc.</u>, 199 F.3d 461, 467 (D.C. Cir. 1999) (same re: federal government).  Thus, the Supreme Court has consistently held that as a matter of plain meaning, "the term 'person' does not include the sovereign, [and] statutes employing the [word] are ordinarily construed to exclude [the government]."  <u>Will</u> v. <u>Michigan Dep't of State Police</u>, 491 U.S. 58, 64 (1989) (<u>quoting</u> <u>Wilson</u> v. <u>Omaha Indian Tribe</u>, 442 U.S. 653, 667 (1979), <u>in turn quoting</u> <u>United States</u> v. <u>Cooper Corp.</u>, 312 U.S. 600, 604 (1941)); <u>see also</u> <u>United States</u> v. <u>United Mine Workers</u>, 330 U.S. 258, 272 & n.20 (1947) (citing cases from 1873 in support of "an old and well-known rule").

The principle that the government is not a "person" is an interpretive aid, a presumption designed to assist the courts' understanding of the likely intent of Congress (or here, the Supreme Court).  The presumption is "not a 'hard and fast rule of exclusion,' <u>Cooper Corp.</u>, [312 U.S.] at 604-605, but it may be disregarded only upon some affirmative showing of statutory

4

intent to the contrary." Stevens, 529 U.S. at 781.[2] This Circuit has not yet decided this issue. Linder v. Calero-Portocarrero, 251 F.3d 178, 181 (D.C. Cir. 2001) (stating that the Court has never expressly held that "person" in Rule 45 includes the federal government and the assumption that it does may need to be re-examined in light of Al Fayed v. CIA, 229 F.3d 272 (D.C. Cir. 2000)); but see In Re Under Seal, 02-276 (ESH/AK) Mem. Op. (under seal) (Sept. 16, 2002) (HHS subpoena).

There is no dispute that Rule 45 applies to the federal government when it is a *party* to litigation.[3] "Where the government is a party to a suit it is, unsurprisingly, subject to the rules." Al Fayed, 229 F.3d at 275. As this Circuit noted in

---

[2] The "conventional reading of 'person' may . . . be disregarded if '[t]he purpose, the subject matter, the context, the legislative history, [or] the executive interpretation of the statute . . . indicate an intent, by the use of the term, to bring state or nation within the scope of the law.'" International Primate Protection League v. Administrators of Tulane Ed. Fund, 500 U.S. 72, 83 (1991) (quoting Cooper, 312 U.S. at 604-605); see also United Mine Workers, 330 U.S. at 272-273 (referring to "extraneous and affirmative reasons for believing that a sovereign should also be deemed subject to a restrictive statute").

[3] "Rule 45, to the extent it concerns discovery, is * * * directed at non-parties and * * * Rule 34 governs the discovery of documents in the possession or control of the parties themselves." Hasbro, Inc. v. Serafino, 168 F.R.D. 99, 100 (D. Mass. 1996); see also 9A Wright & Miller, Federal Practice and Procedure § 2452, at 18 ("a subpoena is necessary to compel someone who is not a party to appear for the taking of a deposition"). Thus, the question of whether the federal government is "person" within the meaning of Rule 45 arises infrequently when the government is a party to the litigation.

Al Fayed, this is largely a matter of common sense; the procedural rules in general, and the discovery rules in particular, should apply to both sides in litigation. Id., 229 F.3d at 275.

This Circuit also recognized in Al Fayed, though, that the situation is different when the federal government is not a party to the litigation. See 229 F.3d at 27. In that situation, "the meaning of the word 'person' in Rule 45 is not so simple." Id. When the government is not before the court as a litigant, there is no affirmative evidence to overcome the presumption that the unadorned term "person" excludes the government from its reach.[4] Moreover, when the federal government is not a party and thus has not waived its sovereign immunity to the underlying litigation, subpoena proceedings implicate sovereign immunity concerns. See Comsat Corp. v. National Science Foundation, 190 F.3d 269, 277 (4th Cir. 1999) (citing Boron Oil Co. v. Downie, 873 F.2d 67, 71 (4th Cir. 1989)).

Based on the decisions in Stevens and Al Fayed, this Court in Lerner v. District of Columbia, Civil No. 00-1590 GK (D.D.C. Jan. 7, 2005) (copy attached as Exh. 5), held that the Court "lacks jurisdiction to subpoena the federal government because

---

[4] This Circuit applied that presumption to 28 U.S.C. § 1782(a), a statute that authorized the issuance of subpoenas, holding that there was "no affirmative evidence to disturb the presumption that 'person' excludes the sovereign" in that statute. Al Fayed, 229 F.3d at 276-277.

the term 'person' in Rule 45 does not include the federal government." Id., slip op. at 8.  This Court found it "immaterial that Al Fayed concerned a person subject to discovery, rather than, as in this case, a person seeking discovery . . . [and] also immaterial that Al Fayed involved 28 U.S.C. § 1782, rather than Rule 45.  As our Circuit noted in Linder, section 1782 is 'a statute similar in effect to rule 45.' Linder, 251 F.3d at 181." Lerner, slip op. at 10, n.9.

In these circumstances, Rule 45 does not apply to the United States, see generally United States v. Sherwood, 312 U.S. 584, 589-91 (1941); indeed, there is no indication that Congress believed that Rule 45 would grant courts authority over the government.  Rule 45 makes no mention of the government.  Nor do the committee notes refer in any way to the government.  There also is no concern in these circumstances about unequal treatment under the discovery rules, as both litigants are subject equally to the rules, while the federal government stands apart from the litigation in which it is not directly involved.  Thus, Congress and the Supreme Court, working within the well-established background principle that any waiver of sovereign immunity must be unambiguous (which informs the interpretive presumption), cannot have meant to refer to the government merely by using the term "person" in Rule 45.  This interpretation of Rule 45 is consistent with Rule 82, which provides that the rules "shall not

be construed to extend or limit the jurisdiction of the United States district courts."  See also 28 U.S.C. § 2072 (procedural rules "shall not abridge, enlarge or modify any substantive right").

Therefore, as this Court concluded in Lerner, "it lacks jurisdiction to subpoena the federal government because the 'requisite affirmative indications' that the term 'person' in Rule 45 includes the federal government are absent."  Id., slip op. at 12, quoting Stevens, 529 U.S. at 787.

II.   The Motion To Compel Is Procedurally Defective.

Under 5 U.S.C. § 301, agencies are authorized to issue regulations regarding whether government employees or documents may be subpoenaed from the federal government.  The regulation created by USAID under this provision is found at 22 C.F.R § 206. The principle underlying these regulations was ratified by the U.S. Supreme Court in the United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951), and the regulations are informally known as "Touhy regulations."

The first requirement under the Touhy regulations is that a litigant must substantially comply with Touhy regulations prior to seeking judicial relief regarding the production of evidence. See Davis v. Braswell Motor Freight Lines, Inc., 363 F.2d 600, 603 (5th Cir. 1966); Marcoux v. Mid-States Livestock, 66 F.R.D. 573, 575 n.1 (W.D. Mo. 1975); see also United States v. Bizzard,

8

674 F.2d 1382, 1387 (11th Cir.) (criminal case; no error in court's decision to not compel testimony where defendant did not comply with Touhy regulations), cert. denied, 459 U.S. 973 (1982).  There is no dispute that plaintiffs have complied with this requirement.

Second, and more importantly, **a court cannot compel a subpoenaed agency employee to disobey applicable Touhy regulations or an agency decision made under such regulations**.  Thus, a subpoena cannot be enforced against an employee constrained by Touhy regulations.  See, e.g., Touhy, 340 U.S. at 467-70; Boron Oil Co. v. Downie, 873 F.2d 67, 69-70 (4th Cir. 1989)(citing cases); Edwards v. United States Dep't of Justice, 43 F.2d 312, 316-17 (7th Cir. 1994); In re Boeh, 25 F.3d 761, 763, 766-67 (9th Cir. 1994), cert. denied, 513 U.S. 1109 (1995).

After the agency makes its decision, however, that decision may be subject to judicial review.  But the waiver of sovereign immunity for the courts to review the agency decision is provided by the Administrative Procedure Act [APA].  See Houston Business Journal v. Office of the Comptroller of the Currency, 86 F.3d 1208, 1211-12 (D.C. Cir. 1996).  Cf., Comsat Corp. v. National Science Foundation, 190 F.3d 269, 277-78 (4th Cir. 1999); Davis Enterprises v. EPA, 877 F.2d 1181, 1186 (3rd Cir. 1989), and Exxon Shipping Co. v. U.S. Dep't of Interior, 34 F.3d 774, 778 (9th Cir. 1994).  Indeed, plaintiffs apparently are well aware of

9

this fact, as they cite to the APA in their memorandum. Plaintiffs' Mem. at 5-6.

The Court of Appeals for this Circuit made clear in <u>Houston Business Journal</u> that a litigant seeking discovery from nonparty federal agency, such as the plaintiffs in this matter, must comply with the Touhy regulations and the employee subpoenaed must comply with the decision of the agency with regard to whether or not testimony will be authorized.  The appropriate agency decision maker, not the individual employee, determines whether or what testimony will be made available, and that agency decision is then reviewed by the Court in accordance with established APA principles.  <u>Houston Business Journal</u>, 86 F.3d at 1211, n.4.

Plaintiffs argue that based on the Court of Appeals' decision in <u>Linder</u>, a motion to compel production under Rule 45 is the appropriate way to proceed when seeking to challenge an agency's decision under its Touhy regulations.  Plaintiffs' Mem. at 5.  This argument assumes, however, that the government is a "person" under Rule 45.  Indeed, the Court of Appeals in <u>Linder</u> acknowledged as much and made a point of noting both that the issue of whether the government is a "person" under Rule 45 was not properly before the Court but also that in light of the Court's ruling in <u>Al Fayed</u>, any assumption that the government qualified as a "person" under Rule 45 "may need to be re-examined

10

. . . ." Linder, 251 F.3d at 181.

Moreover, regardless of whether Rule 45 includes the federal government within the definition of a "person," the Linder case involved a subpoena duces tecum whereas the instant case involves a subpoena ad testificandum. The Court of Appeals in Houston Business Journal has stated that with respect to a subpoena ad testificandum:

> Under Touhy, neither state-court nor federal court litigants may obtain a subpoena *ad testificandum* against an employee of a federal agency that has enacted a Touhy regulation. . . In that situation, the litigant **must** proceed under the APA and the federal court will review the agency's decision not to permit its employee to testify under an "arbitrary and capricious" standard.

86 F. 3d at 1211, n.4 (citations omitted, emphasis added).

As demonstrated above, and as this Court held in Lerner, the term "person" in Rule 45 does not include the federal government. Accordingly, as this Court concluded in Lerner, the Court lacks jurisdiction to subpoena the federal government. Plaintiffs' proper recourse is to file a collateral action under the APA challenging the decision refusing to authorize the testimony sought. Lerner, slip op. at 7. Plaintiffs' attempt to short-circuit the course dictated by Houston Business Journal should not be countenanced by this Court, and thus the Motion to Compel should be denied.[5]

---

[5] An action under the APA would be unsuccessful. As
(continued...)

CONCLUSION

For all the foregoing reasons, the motion to compel by plaintiffs in this matter should be dismissed and the subpoenas served upon USAID employees Natsiois and Winter should be quashed.

                                Respectfully submitted,

                                KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                United States Attorney

                                R. CRAIG LAWRENCE, D.C. BAR # 171538
                                Assistant United States Attorney

---

[5](...continued) plaintiffs' Second Amended Class Action Complaint acknowledges, relations between the United States and the government of Sudan are strained to the point of the United States passing the Peace Act of 2002 stating that the Sudanese government has engaged in acts of genocide.  Plaintiffs' Mem., Exh. A at p. 13 ¶ 14.  Any actions currently being taken by the United States to induce the government of Sudan to engage in humanitarian activities and to accept humanitarian aid, some of which has been reported in the press, see Exh. 6, plainly could be threatened by having two top USAID officials, including the Administrator, testify for plaintiffs in a case brought by them against the government of Sudan.  Testifying under seal would do nothing to ameliorate the perception of USAID officials testifying to aid plaintiffs in their case against Sudan. Surely such would "adversely affect the foreign policy interests of the United States or impair the foreign assistance program of the United States."  Exh. 4. Thus, plaintiffs will be unable to show that USAID's decision to prohibit the testimony sought is arbitrary or capricious.

```
                              _____
                              MARINA UTGOFF BRASWELL, D.C. BAR #416587
                              Assistant United States Attorney
                              U.S. Attorney's Office
                              555 4th Street, N.W. - Civil Division
                              Washington, D.C. 20530
                              (202) 514-7226
```

```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA

THE PRESBYTERIAN CHURCH OF SUDAN, )
  et al.,                         )
                                  )
          Plaintiffs,             )
                                  )
     v.                           )  Misc. No. 05-00092
                                  )
TALISMAN ENERGY, INC.,            )
                                  )
          and                     )
                                  )
REPUBLIC OF SUDAN,                )
                                  )
          Defendants.             )
_____)
```

ORDER

Upon consideration of Non-Party USAID's Motion to Quash, Plaintiffs' Motion to Compel, and the entire record in this case, and it appearing to the Court that the grant of USAID's motion and denial of plaintiffs' motion would be just and proper, it is hereby on this _____ Day of _____, 2005,

ORDERED that Non-Party USAID's Motion to Quash be, and it is, granted, and it is further

ORDERED that Plaintiffs' Motion to Compel be, and it is, denied.

                              _____
                              UNITED STATES DISTRICT JUDGE

Marina Utgoff Braswell
Assistant United States Attorney
U.S. Attorney's Office
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530

Richard T. Seymour, Esq.
Lieff Cabraser Heimann & Bernstein, LLP
1100 New York, N.W.
Suite 1080, West Tower
Washington, D.C. 20005-3934

Steven E. Fineman, Esq.
Rachel Geman, Esq.
Daniel E. Seltz, Esq.
Lieff Cabraser Heimann & Bernstein, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024

Elizabeth J. Cabraser, Esq.
Richard M. Heimann, Esq.
Bill Lann Lee, Esq.
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111

Carey R. D'Avino, Esq.
Stephen A. Whinston, Esq.
Keino R. Robinson, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

Lawrence Kill, Esq.
Linda Gerstel, Esq.
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, N.Y. 10020