UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DR. SUSAN LERNER,           :
                            :
         Plaintiff,         :
                            :
         v.                 :   Civil Action No.
                            :   00-1590 (GK)
DISTRICT OF COLUMBIA, et al., :
                            :
         Defendants.        :
_____:

## MEMORANDUM OPINION

Plaintiff Susan Lerner, Ph.D., a psychologist employed at St. Elizabeths Hospital[1] in Washington, D.C., brings this action under 42 U.S.C. §§ 1983, 1985(2), 1985(3), and the District of Columbia Whistleblower Act, D.C. Code §§ 1-615.51, et seq., alleging that Defendants, the District of Columbia ("District") and various employees of St. Elizabeths,[2] violated and conspired to violate her Constitutional rights guaranteed by the First and Fifth Amendments of the United States Constitution. Specifically, Plaintiff alleges that her superiors transferred her, attempted to blackmail her and

---

[1] The official name of the institution established in 1855 as the Government Hospital for the Insane is St. Elizabeths Hospital, not St. Elizabeth's Hospital.

[2] Raymond Patterson, M.D., Director of Forensic Services Administration of the District of Columbia Commission on Mental Health Services; Joseph Henneberry, R.N., St. Elizabeths Hospital Bureau Chief; Ritzia A. George, Post-Trial Branch Chief; Robert Benedetti, Ph.D., former Acting Chief of Post-Trial; Elizabeth Teegarden, Ph.D., former director of the John Howard Pavilion Unit; and John Does One through Ten. (The District of Columbia Commission on Mental Health Services was originally a Defendant, but has since been removed from the complaint.)



DEFENDANT'S EXHIBIT 5 NO. 05-mc-92

prevent her from testifying in court, initiated multiple baseless ethics investigations of her activities, and attempted to terminate her employment -- all in retaliation for her recommending the twelve-hour-per-month conditional release of St. Elizabeths' patient John W. Hinckley, Jr., agreeing to testify at Hinckley's release hearing, and agreeing to be interviewed for a <u>New Yorker</u> article on Hinckley and the threats made against her by her superiors.

Upon consideration of the Report and Recommendation of Magistrate Judge Deborah Robinson denying Plaintiff's Motion to Compel Third-Party Depositions [#149] and granting the United States' Motion to Quash Subpoenas Against the United States Attorney's Office and the United States Secret Service [#162],[3] Plaintiff's Objections, the United States' response thereto, and the entire record herein, and for the reasons stated below, the Court **accepts** the Report and Recommendation and **denies** Plaintiff's Motion to Compel and **grants** the United States' Motion to Quash.

I. **Procedural History**

On May 30, 2003, Plaintiff requested the depositions of Assistant United States Attorneys Thomas Zeno and Richard Chapman. <u>See</u> Ex. 1, Pl.'s Mot. to Compel. According to Plaintiff, these individuals "participated in the conspiracy against [her] by passing on private medical information about her son to defendants

---

[3] The United States is not a named Defendant in this action.

2

Benedetti and Teegarden, and join[ed] in threats to publicize [such information] if she responded to a subpoena to be served on her in the John Hinckley case." Pl.'s Mot. to Compel at 1. By letter dated October 22, 2003, the Department of Justice denied Plaintiff's request. See Ex. E, United States' Mot. to Quash. That same day, Plaintiff subpoenaed Zeno and Chapman to appear for depositions on November 12, 2004 and November 13, 2004, respectively. See Ex. 2, Pl.'s Mot. to Compel. To date, Plaintiff has deposed neither Zeno nor Chapman.

On October 3, 2003, Plaintiff requested documents from the United States Secret Service ("Secret Service") about investigations it had conducted regarding her and her son, Scott Lerner. She also sought to depose those Secret Service agents with knowledge of any such investigations. See Ex. 3, Pl.'s Mot. to Compel. On October 22, 2003, Plaintiff subpoenaed the Secret Service to produce the documents and appear for the depositions on December 11, 2003.

By letter dated November 4, 2003, the Secret Service informed Plaintiff that, "before permission to release the information will be granted," Plaintiff must, pursuant to its Touhy regulation at 6 C.F.R. § 5.45, "set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought." Ex. G, United States' Mot. to Quash. The Secret Service also noted that if the information Plaintiff had requested was

3

subject to the Privacy Act of 1974, 5 U.S.C. § 552a, it could not be released without prior written consent of the individual to whom the record pertains, or pursuant to a court order. <u>Id.</u> On January 28, 2004 in a letter accompanying the instant Motion to Compel, Plaintiff provided the Secret Service with the necessary Privacy Act releases, but indicated that she would provide no additional information.[4]  <u>See</u> Ex. H, United States' Mot. to Quash.

To date, no Secret Service agents have been deposed by Plaintiff and no documents have been produced.

On January 28, 2004, Plaintiff filed the instant Motion to Compel. On February 13, 2004, the United States filed the instant Motion to Quash.

On July 26, 2004, Magistrate Judge Robinson submitted a Report and Recommendation denying Plaintiff's Motion to Compel and granting the United States' Motion to Quash on the ground that "the information sought by Plaintiff is not relevant to any claim or defense in the instant action." Report and Recommendation at 2. Plaintiff filed a timely Objection to the Report and Recommendation, and the United States filed a timely response thereto. The Court reviews the conclusions of the Report and Recommendation <u>de</u> <u>novo</u>. <u>See</u> L. Cv. R. 72.3(c) (2003) ("A judge

---

[4] Plaintiff explained that "all of the other information you requested was provided in our original request. To demand it again, as you have done, elevates form over substance, so I will merely incorporate our prior correspondence herein." Ex. H, United States' Mot. to Quash.

4

shall make a <u>de</u> <u>novo</u> determination of those portions of a magistrate judge's findings and recommendations to which objection is made....").

## II. ANALYSIS

Plaintiff's Motion to Compel must be denied and the United States' Motion to Quash must be granted for two equally sufficient reasons. First, Plaintiff has failed to comply with the <u>Touhy</u> regulations of the Department of Justice and the Secret Service. Second, the Court lacks jurisdiction to subpoena the federal government because the term "person" in Federal Rule of Civil Procedure 45 ("Rule 45") does not include the federal government.[5]

### A. Plaintiff Has Failed to Comply with the <u>Touhy</u> Regulations of the Department of Justice and the Secret Service

Pursuant to 5 U.S.C. § 301, a federal agency may create procedures for responding to subpoenas and requests for testimony. <u>See</u> 5 U.S.C. § 301 (authorizing an agency head to "prescribe regulations for the government of his [sic] department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property."). These procedures are often termed "<u>Touhy</u> regulations," in reference to the Supreme Court's decision in

---

[5] In light of these conclusions, it is unnecessary for the Court to address the other arguments raised by the United States in its response to the Report and Recommendation.

United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).[6] "Under Touhy, neither state-court nor federal-court litigants may obtain a subpoena ad testificandum against an employee of a federal agency that has enacted a Touhy regulation. In that situation, the litigant must proceed under the [Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706], and the federal court will review the agency's decision not to permit its employee to testify under an 'arbitrary and capricious' standard." Houston Business Journal, Inc. v. Office of the Comptroller, 86 F.3d 1208, 1212 n.4 (D.C. Cir. 1996).

Both of the federal agencies at issue in this case have enacted Touhy regulations pursuant to 5 U.S.C. § 301. See 28 C.F.R. §§ 16.21, et seq. (Department of Justice) and 6 C.F.R. §§ 5.44, et seq. (Secret Service). As both of these agencies have refused to produce the testimony and documents Plaintiff has requested, Plaintiff's "sole remedy ... is to file a collateral action in federal court under the APA." Houston Business Journal, Inc., 86 F.3d at 1212.

In the instant case, Plaintiff's Motion to Compel must be denied and the United States' Motion to Quash must be granted as to

---

[6] In Touhy, the Supreme Court held that a Department of Justice employee could not be held in contempt for refusing to comply with a subpoena duces tecum when his compliance had been prohibited by an order of a superior acting pursuant to valid federal regulations governing the release of official documents. The regulations at issue in Touhy were promulgated under the statutory predecessor of 5 U.S.C. § 301.

6

the Department of Justice because Plaintiff has failed to file a collateral action in federal court under the APA challenging the Department of Justice's October 22, 2003 refusal to authorize the testimony of Assistant United States Attorneys Thomas Zeno and Richard Chapman.[7] See id.

Plaintiff's Motion to Compel must be denied and the United States' Motion to Quash must be granted as to the Secret Service because Plaintiff has refused to comply with the November 4, 2003 Secret Service request, pursuant to its Touhy regulation at 6 C.F.R. § 5.45, that Plaintiff "set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought." Ex. G, United States' Mot. to Quash. Instead, on January 28, 2004 in a letter accompanying the instant Motion to Compel, Plaintiff indicated that she would provide no additional information. See Ex. H, United States' Mot. to Quash. Whether Plaintiff seeks testimony or production of documents from the Secret Service, she must comply with the Secret Services' Touhy regulations. See Houston Business Journal, Inc., 86 F.3d at 1212; In re Boeh, 25 F.3d 761, 764-65 (9th Cir. 1994) (the Touhy doctrine is jurisdictional and requires plaintiff to select a proper method of attempting to compel the testimony of a federal employee);

---

[7] Plaintiff fails to respond to the United States' argument that the Court must review the Department of Justice's refusal to authorize the testimony of Assistant United States Attorneys Thomas Zeno and Richard Chapman under an "arbitrary and capricious" standard.

7

Edwards v. Dep't of Justice, 43 F.3d 312, 317 (7th Cir. 1994) ("Touhy is part of an unbroken chain of authority that supports the [] contention that a federal employee cannot be compelled to obey a subpoena, even a federal subpoena, that acts against valid agency regulations."). Plaintiff's failure to comply with 6 C.F.R. § 5.45 requires the Court to quash Plaintiff's subpoena seeking testimony and production of documents from the Secret Service. See Sterling Nat'l Bank of Davie v. Camp, 307 F.Supp. 778 (D.D.C. 1970) (holding that unless plaintiff complied with Touhy regulations, subpoena seeking testimony and production of documents would be quashed); Denny v. Carey, 78 F.R.D. 370, 372 (E.D. Pa. 1978) (same); Marcoux v. Mid-States Livestock, 66 F.R.D. 573, 575 n.1 (W.D. Mo. 1975) (same).

### B. The Court Lacks Jurisdiction to Subpoena the Federal Government because the Term "Person" in Rule 45 Does Not Include the Federal Government

The reasoning of the Supreme Court in Vermont Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765 (2000), as well as of our Court of Appeals in Al Fayed v. Cent. Intelligence Agency, 229 F.3d 272 (D.C. Cir. 2000), compels the conclusion that this Court lacks jurisdiction to subpoena the federal government because the term "person" in Rule 45 does not include the federal government.

In authorizing parties to serve subpoenas on "persons" who are not parties to litigation, Rule 45 states in relevant part: "Every

8

subpoena shall ... command each person to whom it is directed to attend and give testimony or to produce and permit inspection and copying" of documents or tangible things. Fed. R. Civ. P. 45(a)(1)(c).

While our Circuit has made it clear that "federal agencies cannot ... claim sovereign immunity to avoid compliance with third-party subpoenas," it has also acknowledged that it has yet to decide "[w]hether, as a matter of interpretation, the word 'person' in Rule 45 includes the federal government." Linder v. Calero-Portocarrero, 251 F.3d 178, 180 (D.C. Cir. 2001) (whether the term "person" in Rule 45 includes the federal government "is a non-jurisdictional question the government failed to raise in the district court and we therefore express no opinion on it"). Our Circuit did specifically note, however, that the "assumption" in "past decisions" that "person" in Rule 45 included the federal government "may need to be reexamined in light of Al Fayed," which interpreted the use of "person" in 28 U.S.C. § 1782 to exclude the federal government.[8] Linder, 251 F.3d at 181.

Despite the fact that Al Fayed did not directly address the issue now before this Court, our Circuit's reasoning in that case is dispositive and for the following reasons, compels the

---

[8] Section 1782 gives a district court power to order a person to give her testimony or statement or to produce a document or another thing for use in a proceeding in a foreign or international tribunal. See 28 U.S.C. § 1782.

9

conclusion that the term "person" in Rule 45 does not include the federal government.[9] First, while Rule 45 does not define the term "person," "[t]he Supreme Court has construed prior similar language to exclude the United States."[10] Al Fayed, 229 F.3d at 274 (citing United States v. United Mine Workers of Am., 330 U.S. 258, 275 (1947)).

Second, the "longstanding interpretive presumption [is] that 'person' does not include the sovereign." Vermont Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 780 (2000). See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989) ("'in common usage, the term 'person' does not include the sovereign, [and] statutes employing the [word] are ordinarily construed to exclude it'") (quoting Wilson v. Omaha Indian Tribe, 442 U.S. 653, 667 (1979) (quoting United States v. Cooper Corp., 312 U.S. 600, 604 (1941))) (alteration in original); Al Fayed, 229 F.3d at 274 (noting that "the [Supreme] Court has repeatedly held

---

[9] It is immaterial that Al Fayed concerned a person subject to discovery, rather than, as in this case, a person seeking discovery. It is also immaterial that Al Fayed involved 28 U.S.C. § 1782, rather than Rule 45. As our Circuit noted in Linder, section 1782 is "a statute similar in effect to rule 45." Linder, 251 F.3d at 181.

[10] In support of this argument, our Circuit also cited to "[t]he Dictionary Act, whose definitions govern the meaning of acts of Congress 'unless the context indicates otherwise,'" which says that the word "person" includes "'corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals.'" Al Fayed, 229 F.3d at 274 (quoting 1 U.S.C. § 1).

10

that the word 'person' in a statute does not include a sovereign government absent affirmative evidence of such an inclusory intent").

"The presumption is, of course, not a 'hard and fast rule of exclusion,'" Vermont Agency of Natural Res., 529 U.S. at 781 (quoting Cooper Corp., 312 U.S. at 604-05), and may be disregarded if "'[t]he purpose, the subject matter, the context, the legislative history, [or] the executive interpretation of the statute ... indicate an intent, by use of the term, to bring state or nation within the scope of the law.'" Al Fayed, 229 F.3d at 276 (quoting Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund, 500 U.S. 72, 83 (1991) (noting that the "conventional reading" of the term "person" to exclude states may be "disregarded" if there is an affirmative showing of Congress' intent to include them)). See United States ex rel. Long v. SCS Bus. & Tech. Inst., Inc., 173 F.3d 870, 874 (D.C. Cir. 1999) ("states are excluded from the term person absent an affirmative contrary showing"). In the instant case, however, as in Al Fayed, Plaintiff has pointed to nothing which could lead the Court to conclude that any of these sources "indicates an intent to override the presumption." Al Fayed, 229 F.3d at 275.

Finally, our Circuit in Al Fayed rejected the argument that the term "person" in section 1782 includes the federal government because section 1782 expressly directs application of the Federal

11

Rules of Civil Procedure and the term "person" in Rule 45 includes the federal government. See Al Fayed, 229 F.3d at 275. While our Circuit did not decide whether, as a matter of interpretation, the word "person" in Rule 45 includes the federal government, it did acknowledge the conflicting authority "as to discovery against the government when it is not a party" and concluded that "§ 1782's cross-reference to [Rule 45] can hardly be said to send a contextual signal that might overcome the standard presumption." Id. at 276.

Thus, for the foregoing reasons, the Court concludes that it lacks jurisdiction to subpoena the federal government because the "requisite affirmative indications" that the term "person" in Rule 45 includes the federal government are absent. Vermont Agency of Natural Resources, 529 U.S. at 787.

## IV. CONCLUSION

For the reasons stated herein, the Court **accepts** the Report and Recommendation and **denies** Plaintiff's Motion to Compel and **grants** the United States' Motion to Quash.

An Order will issue with this Memorandum Opinion.

January 7, 2005

/s/
GLADYS KESSLER
U.S. DISTRICT JUDGE